UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| STRIKE 3 HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE, subscriber assigned IP address 76.167.187.23,<br><br>Defendant. | Case No.: 18CV232 GPC (BGS)<br><br>**ORDER:**<br>**(1) GRANTING EX PARTE APPLICATION FOR LEAVE TO SERVE THIRD PARTY SUBPOENA PRIOR TO RULE 26(F) CONFERENCE**<br><br>**[ECF 4]** |
|---|---|

Plaintiff Strike 3 Holdings, LLC's *Ex Parte* Applications for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference is **GRANTED.**

**I.      BACKGROUND**

On January 31, 2018, Plaintiff Strike 3 Holdings, LLC ("Plaintiff") filed its Complaint against Defendant John Doe subscriber assigned Internet Protocol ("IP") address 76.167.187.23 ("Doe Defendant") for copyright infringement. (Compl. [ECF No. 1].) On February 13, 2018, Plaintiff filed an *Ex Parte* Application seeking leave to serve a third party subpoena to ascertain the identity of the Doe Defendant. (*Ex Parte* Appl. [ECF No. 4].)

In its Complaint, Plaintiff asserts that Defendant is liable for direct copyright infringement. (Compl. ¶¶ 34-38.) Plaintiff alleges it owns the copyrights for movies it distributes through adult websites and DVD sales. (*Id.* ¶¶ 3, 13.) Plaintiff alleges Doe Defendant used BitTorrent, a peer-to-peer file sharing system, to copy and distribute its movies without consent. (*Id.* ¶¶ 4-5, 17-38.) To identify the IP address that was illegally distributing its works, Plaintiff hired forensic investigator IPP International U.G. ("IPP"). (*Id.* ¶¶ 24-28; *Ex Parte* Appl. at 1.)

As it can only identify the Doe Defendant by the IP address used, Plaintiff requests permission to serve a Federal Rule of Civil Procedure 45 subpoena on the Internet Service Provider ("ISP"), Spectrum (Time Warner Cable) that issued the IP address to Doe Defendant. (*Ex Parte* Appl. at 1-2.) The proposed subpoena only demands the name and address of Doe Defendant, and Plaintiff indicates it will only use this information to prosecute claims in the Complaint. (*Id.* at 2.)

Plaintiff claims good cause exists to grant the *Ex Parte* Application because: (1) Plaintiff has identified Doe Defendant with sufficient specificity through geolocation technology and forensic investigation; (2) Plaintiff has identified all previous steps taken to locate Doe Defendant; (3) Plaintiff's Complaint could withstand a motion to dismiss; and (4) Plaintiff has established that there is a reasonable likelihood that Plaintiff can identify the Doe Defendant and effectuate service. (*Id.* at 6-12.)

## II. STANDARD OF REVIEW

### A. Cable Privacy Act

The Cable Privacy Act prohibits a cable operator from disclosing "personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned." 47 U.S.C. § 551(c)(1). However, a "cable operator may disclose such information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed." 47 U.S.C. § 551(c)(2)(B). A cable operator is "any person or group of persons (A) who provides cable service over a cable system and directly or

through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system." 47 U.S.C. § 522(5).

### B. Requests for Discovery Before Rule 26(f) Conference

Unless a court order permits discovery, it is not allowed until the parties meet and confer pursuant to Federal Rule of Civil Procedure 26(f). *See* Fed. R. Civ. P. 26(d)(1). To determine if early discovery is warranted in a particular case, the court applies a "good cause" test by weighing the need for discovery to further justice against the prejudice it may cause the opposing party. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002); *see also Strike 3 Holdings, LLC v. Doe*, No. 17CV2317 JAH (BLM), 2017 WL 6389848, at *1 (S.D. Cal. Dec. 14, 2017) (citing *Semitool*, 208 F.R.D. at 274).

The Ninth Circuit has held that when a defendant's identity is unknown at the time a complaint is filed, courts may grant a plaintiff leave to take early discovery to determine the defendant's identity "unless it is clear that discovery would not uncover the identit[y], or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). In determining whether to grant leave for early discovery to ascertain a defendant's identity, district courts consider: (1) whether the plaintiff can "identify the missing party with sufficient specificity such that the defendant is a real person or entity who could be sued in federal court"; (2) whether the plaintiff has described "all previous steps taken to locate the elusive defendant"; (3) whether the "suit against defendant could withstand a motion to dismiss"; and (4) whether the requested "discovery process would lead to identifying information about [the] defendant that would make service of process possible." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

### III. DISCUSSION

#### A. Identification of the Doe Defendant with Sufficient Specificity

Plaintiff has identified the Doe Defendant with sufficient specificity to enable the Court to determine if Doe Defendant is a real person, subject to the Court's jurisdiction.

*Columbia Ins.*, 185 F.R.D. at 578. To determine whether a doe defendant has been identified with sufficient specificity, courts look to whether a plaintiff provided "the unique IP address[ ] assigned to an individual defendant on the day of the allegedly infringing conduct" and used "'geolocation technology' to trace the IP addresses to a physical point of origin." *808 Holdings, LLC v. Collective of Dec. 29, 2011 Sharing Hash E37917C8EEB4585E6421358FF32F29C D63C23C91*, No. 12CV00186 MMA (RBB), 2012 WL 12884688, at *4 (S.D. Cal. May 8, 2012) (citing *OpenMind Sols., Inc. v. Does 1-39*, No. C-11-3311 MEJ, 2011 WL 4715200, at *2 (N.D. Cal. Oct. 7, 2011). Identifying the unique IP address and location of the IP address has been shown to meet the requirement for identifying a doe defendant with sufficient specificity. *Id*.

Plaintiff has submitted several declarations in support of its request for the ability to serve a Rule 45 subpoena, including Tobias Fieser, an employee of forensic investigation services corporation IPP and Susan B. Stalzer, an employee of Plainitff. (*Ex Parte* Appl, Exs. B and C.) Mr. Fieser indicates that IPP "provides forensic investigation services to copyright owners including an ability to track, monitor, and detect copyright infringement in an online environment." (Fieser Decl. ¶ 4.) And, specific to this case, he explains that "IPP's forensic servers connected to an electronic device using IP Address 76.167.187.23" which later "was documented distributing to IPP's servers multiple pieces of [Plaintiff's] copyrighted movies listed on Exhibit A to [Plaintiff's] Complaint." (*Id. ¶* 7.) Ms. Stalzer's Declaration indicates that she verified that the infringing files were identical, strikingly similar, or substantially similar to Plaintiff's works identified in Ex. A to the Complaint. (Stalzer Decl. ¶¶ 7-9.) Finally, Plaintiff asserts it has used Maxmind,[1] a geolocation

---

[1] Plaintiff has also made assertions regarding the reliability and credibility of Maxmind's geolocation technology. (*Ex Parte* Appl at 7; Compl. ¶ 9 ["Over 5,000 companies, along with United States federal and state law enforcement, use Maxmind's GeoIP data to locate Internet visitors, perform analytics, enforce digital rights, and efficiently route Internet traffic."]); *see Criminal Prods., Inc. v. Doe*, No. 16-CV-2589 WQH (JLB), 2016 WL 6822186, at *3 (S.D. Cal. Nov. 18, 2016) ("The Court concludes that based on the

technology, to trace Doe Defendant's IP Address to a geographic area within this Court's personal jurisdiction." (Compl. ¶ 9; *Ex Parte* Appl. at 7.)

Plaintiff has identified the missing party with such "sufficient specificity" so as to assure the Court that the Doe Defendant is real, subject to the Court's jurisdiction, and able to be sued. *Columbia Ins*., 185 F.R.D. at 578.

### B. Previous Steps Taken to Locate Doe Defendant

Plaintiff has sufficiently described all prior attempts it has made to identify Doe Defendant. *Id.* at 579. This element is aimed at ensuring that "plaintiffs make a good faith effort to comply with the requirements of service of process and specifically identify defendants." *Id.* Plaintiff has asserted that it has searched for Doe Defendant's IP address "on various web search tools . . . review[ed] numerous sources of authority," including technology guides, agency websites, and hired cyber security consultants and investigators to no avail. (*Ex Parte* Appl. at 8.) Further, Plaintiff has "discussed the issue at length with computer investigators and cyber security consultants [and] does not know how else it could possibly enforce its copyrights from illegal piracy over the Internet." (*Id.* at 8.) Therefore, the Court finds that Plaintiff has made a good faith effort to identify the Doe Defendant.

### C. Ability to Withstand a Motion to Dismiss

Plaintiff has also demonstrated that its claim could withstand a motion to dismiss. This requires Plaintiff to "make some showing that an act giving rise to civil liability actually occurred and that the discovery is aimed at revealing specific identifying features of the person or entity who committed that act." *Columbia Ins.*, 185 F.R.D. at 580.

///

---

timing of the IP address tracing efforts employed by Plaintiff's investigator, the documented success of the Maxmind geolocation service, and Plaintiff's counsel's efforts to independently verify the location information provided by Plaintiff's investigator, Plaintiff has met its evidentiary burden [that jurisdiction is proper]")

A claim may be dismissed pursuant to Rule 12(b) for lack of subject matter jurisdiction or for failure to state a claim. Fed. R. Civ. P. 12(b)(1), 12 (b)(6). To prevail on a copyright infringement claim, Plaintiff must show: "(1) ownership of a valid copyright; and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act." *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004) (citing 17 U.S.C. § 501(a)).

Here, Plaintiff's Complaint alleges subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (jurisdiction over copyright actions). (Compl. ¶ 7.) Further, Plaintiff provides evidence that it is the exclusive rights holder of the copyrighted works at issue. (*See* Compl., Ex. A.)[2] Plaintiff alleges that Defendant infringed Plaintiff's copyrighted work via the BitTorrent file distribution network. (Compl. ¶¶ 23-30, Ex. A.) Plaintiff also alleges that it did not permit or consent to Doe Defendant's copying or distribution of this work. (*Id.* ¶ 37.) Accordingly, Plaintiff has alleged the prima facie elements of direct copyright infringement and could withstand a motion to dismiss for failure to state a claim. *See Columbia Ins.*, 185 F.R.D. at 579-80.

Plaintiff has also alleged personal jurisdiction. In order to survive a motion to dismiss for lack of personal jurisdiction the plaintiff need only make a prima facie showing of jurisdiction. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). A court has personal jurisdiction over any person residing in the forum state. *Brayton v. Purcell LLP v. Recordon & Recordon*, 361 F. Supp. 2d 1135, 1138 (N.D. Cal. 2005) (citing generally *Pennoyer v. Neff*, 95 U.S. 714 (1877)). Venue in copyright infringement suits is proper in the district in which the defendant . . . resides or may be found." 28 U.S.C. § 1400 (a).

///

---

[2] Exhibit A is a chart containing United States Copyright Office registration information, including the registration numbers and application numbers for those works who registration is still pending. In its Complaint, Plaintiff states that it "owns the copyrights to the Works and the Works have either been registered with the United States Copyright Office or have pending copyright registrations." (Compl. ¶¶ 31-32.)

Here, Plaintiff has shown that both personal jurisdiction and venue are proper by alleging that "Defendant used an [IP address] traced to a physical address located within this District to commit copyright infringement" and that Plaintiff has "used IP address geolocation technology . . . to determine that Defendant's IP address traced to a physical address in this District." (Compl. ¶¶ 8-9.) Accordingly, Plaintiff alleges that "a substantial part of the events or omissions giving rise to the claims occurred in this District" and Doe Defendant resides in this District. (*Id.* ¶ 10.)

### D. Requested Discovery Will Lead to Identifying Information

Finally, Plaintiff has satisfied the last element required in *Columbia Insurance* by demonstrating the requested discovery will lead to identifying information about Doe Defendant that would make service of process possible. *Columbia Ins.*, 185 F.R.D. at 580. As explained above, Plaintiff's investigation has revealed a unique IP address. Due to the fact that the only entity able to correlate an IP address to a specific individual is the ISP, Spectrum (Time Warner Cable), the requested Rule 45 subpoena would lead to information making physical service of process possible.

## IV. CONCLUSION AND ORDER

Plaintiff has met its burden of showing good cause and the *Ex Parte* Application (ECF No. 4) is **GRANTED**. Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff may serve Spectrum (Time Warner Cable) with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name and address of the subscriber assigned the IP address 76.167.187.23. Plaintiff may not subpoena additional information about the subscriber.

2. Plaintiff may only use the disclosed information to protect its copyrights in pursuing this litigation.

3. Plaintiff shall attach a copy of this Order to any Rule 45 subpoena issued pursuant to this Order.

4. Within **fourteen (14) calendar days** after the service of the subpoena, the ISP shall notify the subscriber that its identity has been subpoenaed by Plaintiff.

5. The subscriber whose identity has been subpoenaed shall have **thirty (30) calendar days** from the date of such notice to seek a protective order or challenge the disclosure by filing an appropriate pleading with this Court contesting the subpoena.
6. If the ISP wishes to move to quash the subpoena, it shall do so before the return date of the subpoena. The return date of the subpoena must allow for **forty-five (45) calendar days** from service to production. If a motion to quash or other customer challenge is brought, the ISP shall preserve the information sought by Plaintiff in the subpoena pending resolution of such motion or challenge.
7. As Spectrum (Time Warner Cable) qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), it shall comply with 47 U.S.C. § 551(c)(2)(B) by sending a copy of this Order to the Defendant.
8. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the sole purpose of enforcing Plaintiff's rights as set forth in its Complaint.

Dated: May 22, 2018

_____
Hon. Bernard G. Skomal
United States Magistrate Judge